IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| BUZZARDS BENCH, LLC and BUZZARDS BENCH HOLDINGS, LLC, | § § § | Case No. 20-32391-11 |
| | § | Joint Administration Requested |
| Debtors.[1] | § § § | |

**INTERIM ORDER AUTHORIZING USE OF CASH, APPROVING BUDGET, GRANTING REPLACEMENT LIENS, AND SETTING FINAL HEARING**
[Relates to Docket No. --]

Upon the motion (the "Motion"),[2] filed by Buzzards Bench, LLC and Buzzards Bench Holdings, LLC, the above-captioned debtors and debtors in possession (the "Debtors") for *(A) Interim and Final Orders Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. --]; and upon the record of the hearing conducted on the Motion on May 7, 2020 (the "Hearing"), and the representations of counsel made on the record at the Hearing,

**THE COURT HEREBY FINDS**:

A.   On April 30, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee has been appointed.

B.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Buzzards Bench, LLC (7898) and Buzzards Bench Holdings, LLC (4637).

[2] Capitalized terms used but not otherwise defined shall have the meanings set forth to them in the Motion.

1

C.      Without access to Cash Collateral, the Debtors will not be able to pay operating expenses and obtain goods, services, or equipment needed to carry on their business. The ability to use Cash Collateral, in accordance with a budget approved by this Court, is vital to the confidence of the Debtor's vendors and customers, and to the preservation and maintenance of the ongoing concern value of the Debtors' estates.

D.      Subject to the Debtors' investigation of lien perfection and claims, substantially all of the Debtors' assets appear to be subject to the pre-petition liens of the Lenders, including liens on Cash Collateral (as defined under 11 U.S.C. § 363(a))—including, but not limited to, accounts, general intangibles, instruments, monies, and payments.

E.      Without the use of this Cash Collateral, the Debtors do not have sufficient available working capital with which to operate their business.

F.      The Debtors have shown that they are providing Adequate Protection to the Lenders for the use of Cash Collateral only as it pertains to the expenditures set forth in the Interim Budget (defined hereafter), as set forth more fully in the Motion and below.

G.      This Court finds and concludes that entry of this Order is in the best interests of the Debtors, the estates and all creditors, as its implementation will, among other things, allow for the uninterrupted operation the Debtors' existing business.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.      The Debtors are hereby authorized to use Cash Collateral subject to the protections and considerations described in this Order in the amounts and for the expenses set forth on the budget annexed hereto as Exhibit "1" (the "Interim Budget") not to exceed 110% of the aggregate amount thereof.

2. As adequate protection to the extent of any diminution in value of the Lenders' collateral, the Lenders shall have a security interest in the Debtors' post-petition assets with the same nature, extent, priority, and validity as the pre-petition security interests held by the Lenders.

3. As adequate protection to the extent of any diminution in value of the Lenders' collateral the Lenders are hereby granted, from and after the Petition Date, replacement liens and security interests in all accounts and inventory acquired by the Debtors after the Petition Date, specifically including all cash proceeds arising from such accounts and inventory acquired by the Debtors after the Petition Date, in addition to the proceeds, products, offspring, or profits of any collateral or Cash Collateral in which the Lenders have a pre- or post-petition interest, in the same nature, extent, priority, and validity that any such liens asserted by the Lenders existed on the Petition Date.

4. As of the Petition Date, said replacement liens and security interests granted to the Lenders shall be valid, perfected, enforceable and effective against the Debtors, their successors and assigns, including any trustee or receiver in this or any superseding chapter 7 case, without any further action by Debtors or the Lenders and without the execution, delivery, filing or recordation of any promissory notes, financing statements, security agreements or other documents. Notwithstanding the foregoing, this Interim Order shall be deemed a security agreement and may be filed as a financing statement and the Debtors shall execute and deliver such notes, security agreements, assignments, financing statements and other documents that the Lenders shall reasonably request to further evidence the liens and security interests granted hereby.

5. The Lenders shall have all the rights and remedies of a secured creditor in connection with the liens and security interests granted by this Order in all collateral, except to the extent that such rights and remedies may be affected by the Bankruptcy Code.

6. As adequate protection to the extent of any diminution in value of the Lenders' collateral, the Lenders are hereby granted a superpriority administrative expense claim, which shall have priority under sections 503(b) and 507(b) of the Bankruptcy Code and otherwise over all administrative expense claims and unsecured claims against the Debtors and their estates of any kind or nature whatsoever, except as set forth herein.

7. The forms of adequate protection set forth in paragraphs 2 through 6 herein shall be subordinate only to (i) all accrued and unpaid fees and expenses incurred by the Debtors' professionals and allowed by the Court, (ii) statutory U.S. Trustee fees, and (iii) all reasonable fees and expenses up to $25,000 incurred by a trustee under section 726(b) of the Bankruptcy Code appointed in any chapter 7 cases of the Debtors.

8. Notwithstanding anything to the contrary herein, this Order is without prejudice to, and shall not limit, release, or impair, the rights of any party to (i) contest the extent, validity, or priority of (A) the pre-petition indebtedness owed to the Lenders or (B) any alleged pre-petition liens securing such indebtedness, including but not limited to the Lenders' asserted liens on the Cash Collateral or (ii) investigate and commence potential claims and causes of action against the Lenders arising from their prepetition conduct and actions.

9. The replacement liens granted herein shall not prime or subordinate any valid pre-petition ad valorem tax liens held by a government entity incident to any real property or tangible personal property of the Debtors, if any such liens exist.

10. Neither the Lenders nor any other party may offset any prepetition amounts owing against any other prepetition amounts, or inventory, absent agreement of the parties and further Order of this Court.

11. The provisions of this Order shall be binding upon and inure to the benefit of the Lenders and the Debtors. However, nothing herein shall prevent the Debtors or the Lenders from seeking any other form of relief under the Bankruptcy Code.

12. The Court will conduct a further hearing on the Motion on _____, 2020 at __:__ a/p.m. prevailing Central Time (the "Further Hearing"). The Debtors are directed to, by no later than three business days following entry of this Interim Order, serve, via United States Mail, postage pre-paid, a copy of the Interim Order and a notice of the Further Hearing on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) the Lenders, directly or through their counsel, if any, (iii) any statutory committee of unsecured creditors appointed in the Debtors' chapter 11 cases, and (iv) those parties that have filed a notice of appearance requesting notice, which service shall constitute adequate and proper notice of the hearing.

**Signed: _____, 2020**

                                              **DAVID R. JONES**
                                              **UNITED STATES BANKRUPTCY JUDGE**

## Exhibit 1

## Interim Budget

**Buzzards Bench, LLC**
**Projected Cash Flow**
*May 2020*

| | May 1 - 7 | May 8 - 14 | May 15 - 21 | May 22 - 28 | May 29 - 31 | Total |
|---|---|---|---|---|---|---|
| **Beginning Cash** | $545,563.20 | $530,043.20 | $346,025.18 | $246,642.31 | $818,046.71 | |
| **Receipts** | | | | | | |
| Natural Gas Sales | $0.00 | $0.00 | $0.00 | $273,000.00 | $0.00 | $273,000.00 |
| Hedging Income | $0.00 | $0.00 | $0.00 | $108,491.40 | $0.00 | $108,491.40 |
| Gas Plant Fees | $0.00 | $0.00 | $0.00 | $155,000.00 | $0.00 | $155,000.00 |
| CO2 Sales | $0.00 | $0.00 | $0.00 | $120,000.00 | $0.00 | $120,000.00 |
| Electricity Reimbursement | $0.00 | $0.00 | $34,000.00 | $0.00 | $0.00 | $34,000.00 |
| **Total Receipts** | $0.00 | $0.00 | $34,000.00 | $656,491.40 | $0.00 | $690,491.40 |
| **Disbursements** | | | | | | |
| **Operations** | | | | | | |
| Lease Operating Costs | $0.00 | $0.00 | $0.00 | $0.00 | $150,000.00 | $150,000.00 |
| Utility Costs | $0.00 | $0.00 | $0.00 | $0.00 | $206,514.51 | $206,514.51 |
| Severance Taxes | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Fuel | $10,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $10,000.00 |
| Vehicle Rental | $0.00 | $0.00 | $7,000.00 | $0.00 | $0.00 | $7,000.00 |
| Buy-Sell Agreement | $0.00 | $0.00 | $2,510.02 | $0.00 | $0.00 | $2,510.02 |
| Royalties | $0.00 | $98,931.02 | $0.00 | $0.00 | $50,000.00 | $148,931.02 |
| *sub-total* | $10,000.00 | $98,931.02 | $9,510.02 | $0.00 | $406,514.51 | $524,955.55 |
| **Compensation** | | | | | | |
| Payroll | $0.00 | $85,087.00 | $0.00 | $85,087.00 | $0.00 | $170,174.00 |
| Contract Labor | $5,520.00 | $0.00 | $0.00 | $0.00 | $5,270.00 | $10,790.00 |
| Health Insurance | $0.00 | $0.00 | $40,000.00 | $0.00 | $0.00 | $40,000.00 |
| *sub-total* | $5,520.00 | $85,087.00 | $40,000.00 | $85,087.00 | $5,270.00 | $220,964.00 |
| **G&A** | | | | | | |
| Rent | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Supplies | $0.00 | $0.00 | $0.00 | $0.00 | $1,000.00 | $0.00 |
| Expense Reimbursement | $0.00 | $0.00 | $0.00 | $0.00 | $10,000.00 | $10,000.00 |
| Miscellaneous Expense | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Insurance | $0.00 | $0.00 | $12,641.76 | $0.00 | $0.00 | $12,641.76 |
| *sub-total* | $0.00 | $0.00 | $12,641.76 | $0.00 | $11,000.00 | $22,641.76 |
| **Bankruptcy** | | | | | | |
| Professional Fees | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| US Trustee Fees | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Critical Vendor Payments | $0.00 | $0.00 | $70,000.00 | $0.00 | $0.00 | $70,000.00 |
| Utility Adq. Assurance Pmts | $0.00 | $0.00 | $1,231.09 | $0.00 | $0.00 | $1,231.09 |
| Interest Payments | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| *sub-total* | $0.00 | $0.00 | $71,231.09 | $0.00 | $0.00 | $71,231.09 |
| **Total Disbursements** | $15,520.00 | $184,018.02 | $133,382.87 | $85,087.00 | $422,784.51 | $839,792.40 |
| **Net Cash Flow** | ($15,520.00) | ($184,018.02) | ($99,382.87) | $571,404.40 | ($422,784.51) | ($149,301.00) |
| **Ending Cash** | $530,043.20 | $346,025.18 | $246,642.31 | $818,046.71 | $395,262.20 | |