IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUZZARDS BENCH, LLC and | § | Case No. 20-32391-11 |
| BUZZARDS BENCH HOLDINGS, LLC, | § | |
| | § | Joint Administration Requested |
| Debtors.[1] | § | |
| | § | |

**ATTORNEY CHECKLIST CONCERNING MOTION AND ORDER
PERTAINING TO INTERIM USE OF CASH COLLATERAL AND DIP FINANCING**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, hereby files this "Attorney Checklist Concerning Motion and Order Pertaining to Interim Use of Cash Collateral and DIP Financing" and

\*         Means generally not favored by Bankruptcy Courts in this District.

\*\*        Means generally not favored by Bankruptcy Courts in this District without a reason and a time period for objections.

**CERTIFICATE BY COUNSEL**

This is to certify that the following checklist[2] fully responds to the Bankruptcy Court's inquiry concerning material terms of the Motion and/or proposed order:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Buzzards Bench, LLC (7898) and Buzzards Bench Holdings, LLC (4637).

[2] Nothing contained herein shall have any binding or preclusive effect on the Debtors or any interested party; rather this checklist is provided only to comply with the Bankruptcy Local Rules for the Southern District of Texas. Accordingly, the *Debtors' Emergency Motion for Interim and Final Orders (A) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* shall be controlling if there are any inconsistencies as compared to this checklist.

<b>Yes, at Page/Exhibit<br>Y means yes; N means no<br>N/A means not applicable</b>

**1.  Identification of Proceeding:**

    (a)   Preliminary or final motion/order ......................................... Preliminary

    (b)   Continuing use of cash collateral (§ 363) ............................. Y

    (c)   New financing (§ 364) ......................................................... N

    (d)   Combination of §§ 363 and 364 financing .......................... N

    (e)   Emergency hearing (immediate and irreparable harm) ......... Y

**2.  Stipulations:**

    (a)   Brief history of debtors' businesses and status of debtors' prior relationships with lender .............................................. Y

    (b)   Brief statement of purpose and necessity of financing .......... Y

    (c)   Brief statement of type of financing (i.e., accounts receivable, inventory) ........................................................... Y

\*\*    (d)   Are lender's prepetition security interest(s) and liens deemed valid, fully perfected and non-avoidable ................. N

          (i)   Are there provisions to allow for objections to above? ..................................................................... N/A

    (e)   Is there a post-petition financing agreement between lender and debtor........................................................................... N

          (i)   If so, is agreement attached? ...................................... N/A

\*\*    (f)   If there is an agreement, are lender's post-petition security interests and liens deemed valid, fully perfected, and non-avoidable? ........................................................................ N

    (g)   Is lender undersecured or oversecured?................................ oversecured

    (h)   Has lender's non-cash collateral been appraised? ................ Y

          (i)   Insert date of latest appraisal..................................... 12/1/2019

    (i)   Is debtor's proposed budget attached?................................. Y

    (j)   Are all prepetition loan documents identified? .................... Y

    (k)   Are prepetition liens on single or multiple assets? ................ Y - multiple

    (l)   Are there prepetition guaranties of debt?.............................. Y

|   |   |   | |   |
|---|---|---|---|---|
|   |   | (i) | Limited or unlimited | Limited |

**3.** **Grant of Liens:**

| | | | | |
|---|---|---|---|---|
| * | (a) | | Do post-petition liens secure prepetition debts? | N |
| * | (b) | | Is there cross-collateralization? | N |
| ** | (c) | | Is the priority of post-petition liens equal to or higher than existing liens? | N |
| ** | (d) | | Do post-petition liens have retroactive effect? | N |
| | (e) | | Are there restrictions on granting further liens or liens of equal or higher priority? | N |
| * | (f) | | Is lender given liens on claims under §§ 506(c), 544-50 and §§ 552? | N |
| ** | | (i) | Are lender's attorneys fees to be paid? | N |
| | | (ii) | Are debtors' attorneys fees excepted from § 506(c)? | N |
| * | (g) | | Is lender given liens upon proceeds of causes of action under §§ 544, 547 and 548? | N |

**4.** **Administrative Priority Claims:**

| | | |   | |
|---|---|---|---|---|
| | (a) | Is lender given an administrative priority? | | N |
| | (b) | Is administrative priority higher than § 507(a)? | | Y |
| | (c) | Is there a conversion of pre-petition secured claim to post-petition administrative claim by virtue of use of existing collateral? | | N |

**5.** **Adequate Protection (§ 361):**

| | | |   | |
|---|---|---|---|---|
| | (a) | Is there post-petition debt service? | | N |
| | (b) | Is there a replacement/additional § 361(1) lien? | | Y |
| ** | (c) | Is the lender's claim given super-priority? | | N |
| | | (§ 364(c) or (d)) (designate) | | N/A |
| | (d) | Are there guaranties? | | Y |
| | (e) | Is there adequate insurance coverage? | | Y |
| | (f) | Other? | | N/A |

**6.** **Waiver/Release Claims v. Lender:**

| | | | |
|---|---|---|---|
| ** | (a) | Debtor waives or release claims against lender, including, but not limited to, claims under §§ 506(c), 544-50, 552, and 553 of the Code? | N |

3

|   |   |   |   |
|---|---|---|---|
| ** | (b) | Does the debtor waive defenses to claim or liens of lender? | N |
| **7.** | **Source of Post-petition Financing (§ 364 Financing):** | | |
|   | (a) | Is the proposed lender also the prepetition lender? | N/A |
|   | (b) | New post-petition lender? | N/A |
|   | (c) | Is the lender an insider? | N/A |
| **8.** | **Modification of Stay:** | | |
| ** | (a) | Is any modified lift of stay allowed? | Y |
| ** | (b) | Will the automatic stay be lifted to permit lender to exercise self-help upon default without further order? | N |
|   | (c) | Are there any other remedies exercisable without further order of court? | N |
|   | (d) | Is there a provision that any future modification of order shall not affect status of debtor's post-petition obligations to lender? | N |
| **9.** | **Creditors' Committee:** | | |
|   | (a) | Has creditors' committee been appointed? | N |
|   | (b) | Does creditors' committee approve of proposed financing? | N/A |
| **10.** | **Restrictions on Parties in Interest:** | | |
| ** | (a) | Is a plan proponent restricted in any manner, concerning modification of lender's rights, liens and/or causes? | N |
| ** | (b) | Is the debtor prohibited from seeking to enjoin the lender in pursuit of rights? | N |
| ** | (c) | Is any party in interest prohibited from seeking to modify this order? | N |
|   | (d) | Is the entry of any order conditioned upon payment of debt to lender? | N |
|   | (e) | Is the order binding on subsequent trustee on conversion? | Y |
| **11.** | **Nunc Pro Tunc:** | | |
|   | (a) | Does any provision have retroactive effect? | N |
| **12.** | **Notice and Other Procedures:** | | |
|   | (a) | Is shortened notice requested? | Y |
|   | (b) | Is notice requested to shortened list? | N |
|   | (c) | Is time to respond to be shortened? | Y |

4838-6916-2939.2

| | | |
|---|---|---|
| (d) | If final order sought, have 15 days elapsed since service of motion pursuant to Rule 4001(b)(2)? | N/A |
| (e) | If preliminary order sought, is cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing? | Y |
| (f) | Is a Certificate of Conference included? | Y |
| (g) | Is a Certificate of Service included? | Y |
| (h) | Is there verification of transmittal to U.S. Trustee included pursuant to Rule 9034? | Y |
| | (i) Has an agreement been reached subsequent to filing motion? | N |
| | (i) If so, has notice of the agreement been served pursuant to Rule 4001(d)(1)? | N/A |
| | (ii) Is the agreement in settlement of motion pursuant to Rule 4001(d)(4)? | N/A |
| | (iii) Does the motion afford reasonable notice of material provisions of agreement pursuant to Rule 4001(d)(4)? | Y |
| | (iv) Does the motion provide for opportunity for hearing pursuant to Rule 9014? | Y |

Respectfully submitted this 1st day of May, 2020.

**GRAY REED & McGRAW LLP**

By: */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Paul D. Moak
    Texas Bar No. 00794316
    Lydia R. Webb
    Texas Bar No. 24083758
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email:    jbrookner@grayreed.com
            pmoak@grayreed.com
            lwebb@grayreed.com

**PROPOSED COUNSEL TO THE DEBTORS**

4838-6916-2939.2