

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/07/2020

| | |
|---|---|
| In re: § <br> § <br> BUZZARDS BENCH, LLC and § <br> BUZZARDS BENCH HOLDINGS, LLC, § <br> § <br> Debtors.[1] § <br> § | Chapter 11 <br><br> Case No. 20-32391-11 <br><br> Jointly Administered |

### INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM AND MAINTAIN EXISTING BANK ACCOUNTS AND (B) CONTINUE TO REIMBURSE RELATED PARTIES FOR CERTAIN EXPENSES, AND (II) GRANTING RELATED RELIEF
[Relates to Docket Nos. 11, 20]

Upon the amended motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) continue to operate their cash management system and maintain existing bank accounts and (ii) continue to reimburse related parties for certain expenses consistent with historical practice, as modified as set forth herein, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and having found that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that notice of the Motion was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Buzzards Bench, LLC (7898) and Buzzards Bench Holdings, LLC (4637).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appropriate under the circumstances and that no other notice need be provided; and having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing conducted on May 7, 2020 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on  June 17 , 2020, at  3:30 p.m., prevailing Central Time. Any objections or responses to entry of a final order on the Motion shall be filed and served on or before  5:00 p.m., prevailing Central Time, on  June 11 2020.

3. The Debtors are authorized, but not directed, to: (a) continue operating the Cash Management System as described in the Motion for the Bank Accounts more fully described in Exhibit 1 attached hereto; (b) honor their prepetition obligations related thereto, including the Bank Fees; (c) maintain existing Business Forms; and (d) continue the Related Party Reimbursements.

4. The Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records to the same extent maintained by the Debtors before the Petition Date. To the extent that the transfers within the Cash Management System are disbursements, they will be noted and reflected on the monthly operating reports. Upon reasonable request from the Agent, the Debtors shall provide the records of all such transfers to the Agent.

5. Those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship

between the Debtors and the respective Cash Management Bank, and all of the provisions of such agreements, including the termination and fee provisions, shall remain in full force and effect, and the Debtors and the Cash Management Banks may, following consultation with the Agent, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto in the ordinary course of business, including the closing of Bank Accounts or the opening of new bank accounts, except as otherwise ordered herein.

6. The Debtors are further authorized, but not directed, to: (a) continue to use, with the same account numbers, the Bank Accounts in existence as of the Petition Dates, including those accounts identified on Exhibit 1 attached hereto; (b) use, in their present form, all correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; (e) pay the Bank Fees (including any prepetition amounts); and (f) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, and to otherwise perform their obligations under the documents governing the Bank Accounts; *provided, however*, as soon as practicable after the Petition Dates, the Debtors will note their status as a "debtor in possession" on checks that are electronically printed; p*rovided further,* that with respect to any Business Forms that exist or are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtor In Possession" within 10 business days.

7. The Cash Management Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without

3

interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however*, that those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

8. To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have 45 days, or to June 15, 2020, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The Debtors may obtain a further extension of the 45-day time period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation with the Court without the need for further order from this Court.

9. The relief granted in this Order is extended to any new bank account opened by the Debtors after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank; *provided* that any such new account is with one of the Debtors' existing Cash Management Banks or with a bank that is (a) insured by the FDIC or the Federal Savings and Loan Insurance Corporation, (b) designated as an authorized depository pursuant to the U.S. Trustee's Operating Guidelines, (c)

designated a "Debtor in Possession" account by the relevant bank, and (d) with a bank that agrees to be bound by the terms of this Interim Order. As required herein, to the extent the Debtors close a Bank Account or open a new bank account, they shall provide notice to the U.S. Trustee, the Agent, and counsel to any official statutory committee appointed in these chapter 11 cases. The Debtors are authorized, following consultation with the Agent, to enter into any ancillary agreements, including, without limitation, new deposit account control agreements related to any new bank account opened by the Debtors.

10. All banks, including the Cash Management Banks, provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Dates for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

11. In the course of providing cash management services to the Debtors, each of the Cash Management Banks is authorized, without further order of this Court, to deduct the applicable fees and other applicable charges from the appropriate Bank Accounts.

12. Subject to the terms set forth herein, any bank, including a Cash Management Bank, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Dates should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors or (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored shall be deemed to be nor shall be liable to the Debtors or their estates on account of

such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Order.

13. Each of the Cash Management Banks is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; and (ii) all checks or other items deposited in one of the Debtor's accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent such Debtor was responsible for such items prior to the Petition Date.

14. Any of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein;

15. Any banks, including the Cash Management Banks, are further authorized to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account and (b) accept and hold the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

16. Notwithstanding anything seemingly to the contrary contained in this Order, 405 Redfish is not authorized to sweep any funds deposited into the Lockbox Account, absent further order of the Court. All funds deposited into the Lockbox Account shall constitute property of

Debtors' bankruptcy estates subject to the automatic stay pursuant to Section 362 of the Bankruptcy Code.

17. The Debtors shall promptly serve a copy of this Interim Order on the Small Business Administration (the "SBA"), as follows: Richard A. Kincheloe, United States Attorneys' Office, Southern District of Texas, 1000 Louisiana Street, Suite 2300, Houston, TX 77003 (email: richard.kincheloe@usdoj.gov). ~~The SBA shall have 21 days from the date of entry of this Interim Order to object to the Debtors' proposed use of the PPP Funds. The Debtors shall not use or take any other action with the PPP Funds until entry of a final order.~~

18. The Debtors are authorized to continue the Related Party Reimbursements. The Debtors shall continue to maintain current records with respect to all Related Party Reimbursements, so that they may be readily ascertained, traced, and recorded properly on applicable Debtors' books and records. The Debtors shall make such records available upon request by the U.S. Trustee and any statutory committee appointed in these chapter 11 cases.

19. Nothing contained in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

20. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

21. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

22. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, with respect to prepetition amounts owed where such payments are authorized by an order of this Court.

23. Notwithstanding anything herein to the contrary, all payments authorized by this Order are subject to (i) the Interim and Final Orders[3] authorizing the use of cash collateral entered in these cases, (ii) the Approved Budget (as defined in the Interim and Final Orders and any other budget approved by the Court) and such variances to the Approved Budget as permitted in those orders, or (iii) any other order entered in these cases authorizing the use of cash collateral or approving debtor-in-possession financing. To the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

24. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

---

[3] As those terms are defined in the *Emergency Motion for (A) Interim and Final Order Orders Authorizing Use of Cash Collateral Pursuant to Section 363(c) and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "Cash Collateral Motion") [Docket No. 8].

**Error! Unknown document property name.**
4845-6709-0364.1

25. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

26. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

27. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry. As soon as practicable after entry of this Order, the Debtors shall serve this Order on each of the Cash Management Banks.

28. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

29. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: May 07, 2020.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Bank Accounts

| Last 4 Digits of Account Number | Bank Name | Account Description | Address | |
|---|---|---|---|---|
| 0395 | Citibank, N.A. | Lockbox Account | 399 Park Avenue | New York, NY 10043 |
| 9841 | Citibank, N.A. | Capex Account | 399 Park Avenue | New York, NY 10043 |
| 9123 | Washington Federal | DACA Account | 5420 LBJ Freeway, Suite 200 | Dallas, TX 75240 |
| 9115 | Washington Federal | Escrow Account | 5420 LBJ Freeway, Suite 200 | Dallas, TX 75240 |
| 9366 | Washington Federal | Segregated Account | 5420 LBJ Freeway, Suite 200 | Dallas, TX 75240 |
| 0268 | Zions Bank | Petty Cash Account | 51 East Main St | Castle Dale, UT 84513 |

10