

ENTERED
06/10/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUZZARDS BENCH, LLC and | § | Case No. 20-32391-11 |
| BUZZARDS BENCH HOLDINGS, LLC, | § | |
| | § | Jointly Administered |
| Debtors.[1] | § | |
| | § | |

**ORDER APPROVING CONTINUATION OF THE SURETY BOND PROGRAM**
[Relates to Docket. No. 68]

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to maintain, renew, and modify their Surety Bond Program—including, but not limited to, the procurement of new sureties and maintenance of collateral—in the ordinary course of business on a post-petition basis and to pay outstanding prepetition amounts, if any, as of the Petition Date, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Buzzards Bench, LLC (7898) and Buzzards Bench Holdings, LLC (4637).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Subject to the terms of this Order, the Debtors are authorized, but not directed, to maintain the Surety Bond Program without interruption, including, but not limited to, paying any pre-petition or post-petition premiums, Broker Fees, or amounts owed, if any, in connection with the Indemnity, renewing or obtaining new surety bonds, and executing other agreements in connection with the Surety Bond Program.

3. Subject to the terms of this Order, the Debtors are authorized, but not directed, to continue to perform under the Indemnity and modify the Surety Bond Program post-petition in the ordinary course of business, including, but not limited to, procuring sureties or providing or maintaining cash or other acceptable forms of collateral to secure the surety bonds, renewing or obtaining new surety bonds, and executing other agreements in connection with the Surety Bond Program. The Debtors are not authorized by this Order to take any action with respect to a Surety Bond or the Indemnity that would have the effect of transforming a pre-petition undersecured or unsecured Surety Bond obligation or obligation under the Indemnity to a post-petition or secured obligation. Such relief may be sought by a separate motion.

4. The Debtors shall maintain a matrix or schedule of payments related to any amounts paid pursuant to this Order, including the following information: (a) the names of the

payee; (b) the amount of the payment; (c) the nature of the payment; (d) the Debtor or Debtors that made the payment; (e) the payment date; and (f) the purpose of such payment. The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee, Debtors' lender, and any statutory committee appointed in these chapter 11 cases after the first payment authorized by this Order is made and every 30 days thereafter.

5. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer requests as approved by this Order.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the

Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Surety Bond Program.

8. Notwithstanding anything herein to the contrary, all payments authorized by this Order are subject to (i) the Interim and Final Orders[3] authorizing the use of cash collateral entered in these cases, (ii) the approved budget (as defined in the Interim and Final Orders and any other budget approved by the Court) and such variances to the Approved Budget as permitted in those orders, or (iii) any other order entered in these cases authorizing the use of cash collateral or approving debtor-in-possession financing.  To the extent there is any inconsistency between the terms of such orders and any action taken or proposed to be taken hereunder, the terms of such orders shall control.

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

---

[3] As those terms are defined in the *Emergency Motion for (A) Interim ad Final Orders Authorizing Use of Cash Collateral Pursuant to Section 363(c) and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 (the "*Cash Collateral Motion*") [Docket No. 8].

4839-5104-2235.4

5

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: June 10, 2020.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

5

4839-5104-2235.4

# **EXHIBIT 1**

**Surety Bonds**

4839-5104-2235.4

## Surety Bond Schedule

| Bond (Benefit of) | Type of bond | Bond Number | $ | Purpose | Annual Renewal Cost $ |
|---|---|---|---|---|---|
| **Utah Department of Oil Gas and Mining** | Surety | SUR0053890 | $120,000.00 | Plugging and Abandonment (Statewide) | $2,100.00 |
| **Bureau of Land Management** | Surety | UTB000897 | $25,000.00 | Plugging and Abandonment (Statewide) | $438.00 |
| **School and Institutional Trust Lands** | Surety | SUR0053889 | $50,000.00 | Plugging and Abandonment and Surface Reclamation for the Huntington Unit Project Area. | $875.00 |
| **School and Institutional Trust Lands** | Surety | SUR0053887 | $15,000.00 | Plugging and Abandonment (Statewide) | $263.00 |
| **Performance Bond** | Surety | SUR0053868 | $3,000,000.00 | P&A associated with the XTO acquisition (50% collateral at Texas Capital Bank) | $52,500.00 |
| **Utah Department of Oil Gas and Mining** | Surety | SUR0054519 | $250,000.00 | $250K UTDOGM Blkt Bond, additional bonding | $4,375.00 |